UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

AMBER LANCASTER, BRITTANY
CRIPLIVER, BROOKE TAYLOR
JOHNSON, CIELO JEAN GIBSON,
CORA SKINNER, GEMMA LEE
FARRELL, HEATHER RAE YOUNG,
IRINA VORONINA, JESSE GOLDEN,
JESSA HINTON, JOANNA KRUPA,
KATARINA VAN DERHAM, MAYSA
QUY, PAOLA CANAS, SANDRA
VALENCIA, SARA UNDERWOOD,
TIFFANY SELBY, TIFFANY TOTH,
VIDA GUERRA, and KIM COZZENS,

      Plaintiffs,

v.                            Case No. 8:17-cv-634-T-33JSS

THE BOTTLE CLUB, LLC d/b/a
EYZ WIDE SHUT II; EYES WIDE
SHUT, LLC d/b/a EYZ WIDE SHUT;
BYOB CLUB, INC.; ANDREW
HARROW; and SUSAN HARROW,

      Defendants.
_____/

**ORDER**

This cause comes before the Court in consideration of Defendant BYOB Club, Inc.'s Motion to Quash Service of Process (Doc. # 62), filed on September 22, 2017. Plaintiffs responded on October 4, 2017. (Doc. # 65). For the reasons that follow,

1

the Court grants the Motion and extends the deadline to serve BYOB Club to October 27, 2017.

**I.  Background**

On March 16, 2017, Plaintiffs filed their Complaint alleging violations of the Lanham Act, 15 U.S.C. § 1125(a) <u>et seq.</u>, by Defendants. (Doc. # 1 at 8). Plaintiffs then filed an Amended Complaint on June 6, 2017. (Doc. # 38). Plaintiffs attempted service on BYOB Club numerous times between June and August of 2017. (Doc. # 65-2).

Subsequently, on September 22, 2017, Plaintiffs filed a return of service document, indicating that a process server had effected service of process on an unnamed employee of BYOB Club on September 1, 2017. (Doc. # 63). But, on September 22, 2017, BYOB Club filed a Motion to Quash Service of Process pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure. (Doc. # 62). BYOB Club argues that Plaintiffs have not established that service was properly effected under Fed. R. Civ. P. 4(h)(1). (<u>Id.</u> at 1-2). In response, Plaintiffs argue that service of process was properly executed pursuant to Fla. Stat. § 48.081(3)(a), as permitted by Fed. R. Civ. P. 4(h)(1)(A). (Doc. # 65 at 5).

## II. **Analysis**

"'[W]hen service of process is challenged, the party on whose behalf service is made has the burden of establishing its validity.'" Andujar v. All Coast Transporters, Inc., No. 12-62091-CIV, 2013 WL 2404059, at *2 (S.D. Fla. May 31, 2013) (quoting Familia de Boom v. Arose Mercantil, S.A., 629 F. 2d 1134, 1139 (5th Cir. 1980)). Here, because BYOB Club claims Plaintiffs' service of process was invalid, Plaintiffs must show that they effected proper service on BYOB Club.

Federal Rule of Civil Procedure 4(e)(1) provides that an individual can be served by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made . . ." Fed. R. Civ. P. 4(e)(1). And Rule 4(h)(1) states that a corporation in a judicial district of the United States must be served either "in the manner prescribed by Rule 4(e)(1) for serving an individual" or

> (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and — if the agent is one authorized by statute and the statute so requires — by also mailing a copy of each to the defendant . . . .

Fed. R. Civ. P. 4(h)(1).

As Plaintiffs emphasize, under Florida Statute § 48.081(3)(a):

> [P]rocess may be served on the agent designated by the corporation under s. 48.091. However, if service cannot be made on a registered agent because of failure to comply with s. 48.091, service of process shall be permitted on any employee at the corporation's principal place of business or on any employee of the registered agent.

Fla. Stat. § 48.081(3)(a). Furthermore, Florida Statute § 48.091(2) lays out requirements for designated agents to accept service:

> Every corporation shall keep the registered office open from 10 a.m. to 12 noon each day except Saturdays, Sundays, and legal holidays, and shall keep one or more registered agents on whom process may be served at the office during these hours. The corporation shall keep a sign posted in the office in some conspicuous place designating the name of the corporation and the name of its registered agent on whom process may be served.

Fla. Stat. § 48.091(2).

Thus, Plaintiffs insist that Fla. Stat. § 48.0831(3)(a) "allows the service of process to be executed on any employee at the corporation's principal place of business when the registered agent fails to comply with Fla. Stat. § 48.091." (Doc. # 65 at 5). The Court agrees. Plaintiffs may serve BYOB Club pursuant to state law, as authorized by Fed. R. Civ. P. 4(e)(1), rather than in the manner prescribed by Fed. R. Civ.

4

P. 4(h)(1)(B). And, if BYOB Club has failed to comply with Fla. Stat. § 48.091, than Plaintiffs may serve BYOB Club pursuant to Fla. Stat. § 48.0831(3)(a).

Plaintiffs argue that they made "numerous attempts" to serve Andrew Harrow, BYOB Club's registered agent, at his registered office at 105 US Hwy 301 South, Suite 110, Tampa, FL 33619. (Doc. # 65 at 3). This includes an attempt to serve Andrew Harrow on June 27, 2017 at 10:30 a.m., consistent with Fla. Stat. § 48.091(2). (Id. at 3). But, because of these numerous failed attempts, Plaintiffs attempted to serve BYOB Club at it principal place of business located at 8504 Adamo Drive, Suite 150, Tampa, FL 33619 in accordance with Fla. Stat. § 48.0831(3)(a). (Id. at 4-5).

Still, service pursuant to Fla. Stat. § 48.0831(3)(a) would only be proper if an actual employee of BYOB Club was served at BYOB Club's principal place of business. In its Motion, BYOB Club states that "it does not have any physical location." (Doc. # 62 at 2). But, as Plaintiffs have shown, BYOB Club's principal place of business is listed as 8504 Adamo Drive, Suite 150, Tampa, FL 33619 on its 2017 Florida Profit Corporation Annual Report. (Doc. # 65-3).

Next, BYOB Club argues that "the only person associated with BYOB is the registered agent, Andrew Harrow." (Doc. 62

5

at 2). "Further, the individual served was not an officer, managing or general agent, employee of BYOB, employee of BYOB's registered agent, or any other agent authorized by appointment or by law to receive service of process for BYOB." (Id.). BYOB Club claims "this individual was an employee of an entirely different entity, and had no relationship with [it]." (Id.).

In contrast, Plaintiffs assert that, while "the employee did not provide her name to the process server, she did, however, identify herself as an employee of BYOB Club, Inc." (Id. at 5). But, this is not supported by the process server's affidavit. The affidavit from September 1, 2017, states that:

> Server spoke with female employee, she was a cashier/person working the front desk. Server asked if she was an employee and she stated yes. Server asked for the owners of the business, female stated owners were not available. Server advised employee of the papers he was serving her. She refused her name.

(Doc. # 63 at 1). The affidavit only establishes that the woman identified herself as an employee of a business at that location — not specifically as an employee of BYOB Club.

Furthermore, Plaintiffs' Amended Complaint states that multiple Defendants share the same principal place of business, including The Bottle Club, LLC, Eyes Wide Shut, LLC, and BYOB Club. (Doc. # 38 at 6). It is true that BYOB

6

Club's Motion does not clarify the identity of the individual served or specify the entity for which that individual works. Nevertheless, counsel for BYOB Club has asserted, under the dictates of Fed. R. Civ. P. 11, that the woman served is not an employee of BYOB Club. See Fed. R. Civ. P. 11(b) (stating that, by presenting a pleading, written motion, or other paper to the court, "an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances" the legal and factual contentions are warranted by existing law or have evidentiary support and that the filing "is not being presented for any improper purpose"). Absent contrary evidence provided by the Plaintiffs, the Court accepts this assertion.

Because multiple entities share the same principal place of business, the unidentified person served did not specifically state her employer, and BYOB Club insists the person was not its employee, Plaintiffs have not met their burden of establishing service was properly effected under Fla. Stat. § 48.081(3)(a). Therefore, the Motion is granted.

Still, BYOB Club should note that the "Court will not require a plaintiff to expend limitless resources in order to effect service upon a defendant who has actual notice of suit

7

and who intentionally evades service." Nappi v. Welcom Products, Inc., No. 8:13-cv-3183-T-33TGW, 2014 WL 1418284, at *2 (M.D. Fla. Apr. 11, 2014); see also Banco Latino, S.A.C.A. v. Gomez Lopez, 53 F. Supp. 2d 1273, 1281 (S.D. Fla. 1999)("Notice of a complaint coupled with good faith attempted service is sufficient to confer jurisdiction where a party is evading service of process."); Sanderford v. Prudential Ins. Co., 902 F. 2d 897, 900 (11th Cir. 1990)("Rule 4, Fed. R. Civ. P., is a flexible rule that should be liberally construed so long as a party receives sufficient notice of the complaint." (citation and internal quotation marks omitted)).

As mentioned above, Plaintiffs have made numerous attempts to serve BYOB Club. (Doc. # 65 at 3-4). Furthermore, Plaintiffs represent that Susan Harrow, BYOB Club's managing member, told the process server that "'they will not be accepting any lawsuit,' 'they will not be opening the door for anyone,' and 'she will not be excepting [sic] any paperwork on a frivolous lawsuit.'" (Id. at 4). Although the Court is troubled by these statements, the Court will defer its determination as to whether BYOB Club's actions constitute evasion of service. But, the Court strongly encourages BYOB Club to accept service of process in good

faith. The Court finds it appropriate to grant Plaintiffs an extension to October 27, 2017, to effect service of process on BYOB Club.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Defendant BYOB Club, Inc.'s Motion to Quash Service of Process (Doc. # 62) is **GRANTED.**

(2) Plaintiffs must perfect service of process on BYOB Club by **October 27, 2017.**

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 20th day of October, 2017.

*/s/ Virginia M. Hernandez Covington*
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE