UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

AMBER LANCASTER, BRITTANY
CRIPLIVER, BROOKE TAYLOR
JOHNSON, CIELO JEAN GIBSON,
CORA SKINNER, GEMMA LEE
FARRELL, HEATHER RAE YOUNG,
IRINA VORONINA, JESSE GOLDEN,
JESSA HINTON, JOANNA KRUPA,
KATARINA VAN DERHAM, MAYSA
QUY, PAOLA CANAS, SANDRA
VALENCIA, SARA UNDERWOOD,
TIFFANY SELBY, TIFFANY TOTH,
VIDA GUERRA, and KIM COZZENS,

      Plaintiffs,

v.                    Case No. 8:17-cv-634-T-33JSS

THE BOTTLE CLUB, LLC d/b/a
EYZ WIDE SHUT II; EYES WIDE
SHUT, LLC d/b/a EYZ WIDE SHUT;
BYOB CLUB, INC.; ANDREW
HARROW; and SUSAN HARROW,

      Defendants.
_____/

**ORDER**

This cause comes before the Court in consideration of Defendant Eyes Wide Shut, LLC's Motion to Quash Service of Process (Doc. # 69), filed on October 16, 2017. Plaintiffs responded on October 30, 2017. (Doc. # 78). For the reasons that follow, the Court denies the Motion and directs Eyes

1

Wide Shut to respond to the Amended Complaint by November 14, 2017.

I. **Background**

On March 16, 2017, Plaintiffs filed their Complaint alleging violations of the Lanham Act, 15 U.S.C. § 1125(a) et seq., by Defendants. (Doc. # 1 at 8). Plaintiffs then filed an Amended Complaint on June 6, 2017. (Doc. # 38). After Plaintiffs attempted service on Eyes Wide Shut, Eyes Wide Shut filed a motion to quash service on July 18, 2017. (Doc. # 48). The Court granted that motion as unopposed on August 2, 2017. (Doc. # 51).

On August 14, 2017, counsel for Eyes Wide Shut declined to accept service of process on Eyes Wide Shut's behalf and informed Plaintiffs that Defendant Susan Harrow, the registered agent and managing member of Eyes Wide Shut, was out of the country. (Doc. # 78 at 2). For that reason, Plaintiffs procured an alias summons from the Clerk on August 31, 2017. (Doc. # 60). Subsequently, on October 4, 2017, Plaintiffs filed a return of service document, indicating that a process server had effected service of process on an unnamed employee of Eyes Wide Shut on September 23, 2017. (Doc. # 64).

But, on October 16, 2017, Eyes Wide Shut filed the instant Motion to Quash Service of Process pursuant to Rule 12(b)(5), Fed. R. Civ. P. (Doc. # 69). Eyes Wide Shut argues that service was not properly effected under Fed. R. Civ. P. 4(h)(1) because the party that accepted service was an employee of a different entity. (Id. at 2). In response, Plaintiffs argue that the Motion should be denied because Eyes Wide Shut has been evading service of process and has actual notice of the case. (Doc. # 78 at 3).

## II. Analysis

"[W]hen service of process is challenged, the party on whose behalf service is made has the burden of establishing its validity." Andujar v. All Coast Transporters, Inc., No. 12-62091-CIV, 2013 WL 2404059, at *2 (S.D. Fla. May 31, 2013) (quoting Familia de Boom v. Arose Mercantil, S.A., 629 F. 2d 1134, 1139 (5th Cir. 1980)).

Eyes Wide Shut claims Plaintiffs' service of process was invalid because Plaintiffs served an unknown employee, later determined to be Catherine Coleman, at 8504 Adamo Drive, Suite 150. (Doc. # 69 at 1). But, Eyes Wide Shut is located at 8504 Adamo Drive, Suite 155 and Catherine Coleman is not an employee of Eyes Wide Shut. (Id.). Rather, as she explains in her affidavit, Ms. Coleman is employed by Progressive

Employee Leasing Company through Defendant Bottle Club, LLC. (Doc. # 69-1 at 2). Because an employee of a different entity was served at a different address, Eyes Wide Shut argues it was improperly served and service should be quashed.

First, Plaintiffs argue that they served Eyes Wide Shut at the correct address. Although Eyes Wide Shut's official location is Suite 155 rather than 150, those Suites are adjacent to each other and "the doors to both Suite Number 150 and Suite Number 155 open to the same location, with the sign on Suite Number 155['s] door pointing to enter through Suite Number 150." (Doc. # 78 at 3; Doc. # 78-1). Thus, the fact that the process server identified the address for service as Suite 150, rather than Suite 155, has no practical significance.

The process server's affidavit of service states that the female employee served "verified she was an employee," but the affidavit does not specify the entity for which she is an employee. (Doc. # 64). Given Ms. Coleman's affidavit, this vague allegation does not establish that Plaintiffs served an employee of Eyes Wide Shut. Still, the affidavit further states the process server "was unable to serve Andrew or Susan Harrow at this address" and that "Defendants avoid service and have refused to accept service from the process

server." (Id.). Plaintiffs argue that the process server's affidavit shows that Eyes Wide Shut is evading service.

In support, Plaintiffs cite another affidavit of service regarding the process server's attempt to serve Defendant BYOB Club, Inc., whose registered agent is Defendant Andrew Harrow. (Doc. # 78 at 3; Doc. # 65-2). There, the process server swore that Susan Harrow, who is the registered agent and managing member of Eyes Wide Shut, said that "they will not be excepting [sic] any lawsuit," "they will not be opening a door for anyone," and "she is not excepting [sic] any paperwork on a frivolous lawsuit." (Doc. # 65-2). And Plaintiffs are correct that the various Defendants have filed numerous motions to quash service — eight in total. (Doc. ## 15-19, 48, 62, 69). According to Plaintiffs, the numerous motions to quash combined with the affidavits of service reporting Defendants' behavior prove that Eyes Wide Shut is evading service in order to frustrate the prosecution of this case. (Doc. # 78 at 7).

As the Court previously warned Defendants, the "Court will not require a plaintiff to expend limitless resources in order to effect service upon a defendant who has actual notice of suit and who intentionally evades service." (Doc. # 72 at 7-8)(quoting Nappi v. Welcom Products, Inc., No. 8:13-cv-

5

3183-T-33TGW, 2014 WL 1418284, at *2 (M.D. Fla. Apr. 11, 2014)). Here, Eyes Wide Shut undoubtedly has notice of the suit – it has filed two motions to quash and its registered agent and managing member, Susan Harrow, is a defendant who has already filed an answer. Furthermore, the process server's affidavit attests that multiple good faith attempts were made to serve various Defendants, but were foiled by Defendants' refusal to answer the door or accept any service documents. (Doc. ## 64; 65-2). Most importantly, an affidavit of service attests that Eyes Wide Shut's registered agent, Susan Harrow, stated her refusal to accept any service of process, as she considers this lawsuit frivolous. (Doc. # 65-2). The Court finds that Eyes Wide Shut is evading service of process.

Because Eyes Wide Shut has notice of the Amended Complaint and is evading service, the Court finds that Plaintiffs' service on Eyes Wide Shut is sufficient to confer jurisdiction. See Banco Latino, S.A.C.A. v. Gomez Lopez, 53 F. Supp. 2d 1273, 1281 (S.D. Fla. 1999)("Notice of a complaint coupled with good faith attempted service is sufficient to confer jurisdiction where a party is evading service of process."). As another court has explained,

> Where it is evident that Plaintiffs have tried to comply with every available means to provide Defendant with notice, that Defendant does have actual notice of suit, and that Defendant has been evading service, it seems futile to require Plaintiffs to expend countless additional resources in order to effect service upon Defendants.

<u>Chamberlain v. Integraclick, Inc.</u>, No. 4:10-CV-00477-SPM, 2011 WL 1456878, at *4 (N.D. Fla. Apr. 15, 2011)(denying motion to quash technically defective service of process on plaintiff's attorney). Therefore, the Motion is denied and Eyes Wide Shut is directed to respond to the Amended Complaint by November 14, 2017

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Defendant Eyes Wide Shut, LLC's Motion to Quash Service of Process (Doc. # 69) is **DENIED.**

(2) Eyes Wide Shut's answer to the Amended Complaint is due by **November 14, 2017.**

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this <u>31st</u> day of October, 2017.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE