UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

AMBER LANCASTER, BRITTANY
CRIPLIVER, BROOKE TAYLOR
JOHNSON, CIELO JEAN GIBSON, CORA
SKINNER, GEMMA LEE FARRELL,
HEATHER RAE YOUNG, IRINA
VORONINA, JESSE GOLDEN, JESSA
HINTON, JOANNA KRUPA, KATARINA
VAN DERHAM, MAYSA QUY, PAOLA
CANAS, SANDRA VALENCIA, SARA
UNDERWOOD, TIFFANY SELBY,
TIFFANY TOTH, VIDA GUERRA, and
KIM COZZENS,

    Plaintiffs,

v.                                                     Case No: 8:17-cv-634-T-33JSS

ANDREW HARROW, SUSAN HARROW,
EYES WIDE SHUT, LLC, BYOB CLUB,
INC., and THE BOTTLE CLUB, LLC,

    Defendants.
_____/

## ORDER

THIS MATTER is before the Court on (1) Defendants' Motion to Compel Better Responses to Interrogatories and Requests for Production ("Motion to Compel") (Dkt. 103), and Plaintiffs' response in opposition (Dkt. 114), and (2) Defendants' Amended Motion to Extend Expert Report Deadline ("Motion for Extension") (Dkt. 115), which Plaintiffs oppose (Dkt. 115 at 1).[1]

In the Motion to Compel, Defendants seek an order compelling Plaintiffs to respond to Defendant Andrew Harrow's requests for production and interrogatories. (Dkt. 103.) The

---

[1] The Motion for Extension amends the original motion for extension (Dkt. 113) by revising the Local Rule 3.01(g) certification. (Dkt. 115 at 1, n.1.)

discovery requests at issue are Interrogatories 3, 5, 6, 12, 13, 14, and 16, and Requests for Production 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 16, 21, 23, 24, 25, 26, 27, 28, 29, 30, 31, 34, 35, 36, 38, 44, 45, and 54.

## APPLICABLE STANDARDS

A party is entitled to obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). An evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond. Fed. R. Civ. P. 37(a)(4). The court has broad discretion in managing pretrial discovery matters and in deciding to compel. *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1306 (11th Cir. 2011); *Perez v. Miami-Dade Cnty.*, 297 F.3d 1255, 1263 (11th Cir. 2002).

## ANALYSIS

### I. Motion to Compel

#### A. Interrogatories

As to Interrogatory 3, Defendants argue that Plaintiffs' referring to the allegations in their Amended Complaint is insufficient. Generally, answering an interrogatory "by reference to an extrinsic matter" is disfavored. Middle District Discovery (2015) at § IV(C)(3). However, upon review of Plaintiffs' response in opposition (Dkt. 114 at 4), Plaintiffs state that their answers to Interrogatory 3 are their allegations in the Amended Complaint (Dkt. 38), and the expense of requiring Plaintiffs to copy and paste the allegations specific to each Plaintiff outweighs any likely benefit of this exercise. *See* Fed. R. Civ. P. 26(b)(1). The Motion is therefore denied as to Interrogatory 3.

In response to Interrogatory 5, Plaintiffs complain of the burden of compiling their employment information to answer this interrogatory. However, Plaintiffs have alleged that Defendants' use of Plaintiffs' images have caused Plaintiffs to lose sales and have caused confusion to Plaintiffs' prospective clients. Specifically, they have alleged suffering irreparable harm to their "reputation and brand" and "damage to their professional reputation" from Defendants' alleged use of their images. (Dkt. 38.) Further, they have alleged that Defendants' acts have caused confusion to fans and "prospective clients" and have "hamper[ed] efforts by Plaitniffs [sic] to continue to protect their reputation for high quality professional modeling, resulting in loss of sales thereof and the considerable expenditures to promote their personal modeling services to legitimate mainstream media, all to the irreparable harm of Plaitniffs [sic]." (*Id.*) This request is relevant to Plaintiffs' damages claims. The Motion is therefore granted as to Interrogatory 5.

As to Interrogatory 6, Plaintiffs answer that they have not established their own damages amounts and calculations and therefore refer Defendants to their expert report on damages. (Dkt. 114 at 5–6, 7.) It therefore appears that Plaintiffs have answered the interrogatory, and the Motion is therefore denied as to Interrogatory 6. Plaintiffs are reminded, however, that if they intend to present or rely on any other information in support of their claim for damages, they must supplement their answer to Interrogatory 6. *See* Fed. R. Civ. Pr. 37(c)(1) ("If a party fails to provide information . . . the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."). With regard to Interrogatories 14 and 16, in response to the Motion to Compel, Plaintiffs state "No Plaintiff has learned from any third parties that they were not retained specifically because of Defendants' use of their images." (Dkt. 114 at 7.) This information is not

included in their answers to Interrogatories 14 and 16; Plaintiffs are therefore directed to supplement their answers accordingly, and the Motion is granted as to Interrogatories 14 and 16.

Next, while Plaintiffs contend that their answers to Interrogatory 13 are contingent upon the deposition of Defendant Andrew Harrow, Plaintiffs are directed to answer this Interrogatory with the information now known to them and to supplement it as necessary. *See* Fed. R. Civ. P. 26(e)(1). The Motion is therefore granted as to Interrogatory 13. Interrogatory 12, which asks Plaintiffs to identify any documents utilized to prepare their answers, should be supplemented, as necessary, in light of this Court's order compelling them to answer Interrogatories 5, 13, 14, and 16. Request for Production 54 is duplicative of Interrogatory 12 because it also asks for all documents utilized in responding to the Interrogatories. (See Dkt. 103 at 14.) The Motion to Compel is therefore granted as to Interrogatory 12 and denied as to Request for Production 54.

Plaintiffs' supplemented answers to the Interrogatories are due **by January 16, 2018**. Plaintiffs are reminded that all answers to the Interrogatories must be signed under oath by Plaintiffs. *See* Fed. R. Civ. P. 33(b)(3), (5).

**B.     Requests for Production**

Requests for Production 3 through 12, 16, 21, and 23 request "all documents related to" specific allegations of Plaintiffs' Amended Complaint and Requests for Production 24 through 31, 34 through 36, 38, and 45 relate to Plaintiffs' claims for damages. (See Dkt. 103 at 8–13.) In response to the Motion to Compel, Plaintiffs argue either that they have produced all documents responsive to these requests or that Defendants are in possession of the documents. (Dkt. 114 at 8–11.) It appears, therefore, that Plaintiffs have responded to these requests, and the Motion to Compel is therefore denied as to Requests for Production 3 through 12, 16, 21, 23 through 31, 34 through 36, 38, and 45. Plaintiffs are reminded, nonetheless, of their obligation to supplement

their responses should they learn that they are incomplete or incorrect, Fed. R. Civ. P. 26(e)(1), and that if they fail to provide information as required by Rule 26(a) and (e), they will not be "allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless," Fed. R. Civ. P. 37(c)(1).

Finally, Request for Production 44 is discussed below because it relates to Defendants' Motion for Extension.

## II. Motion for Extension

In the Motion for Extension, Defendants argue that Plaintiffs' tax returns and forms, which are the subject of Request for Production 44, are needed by their expert in the expert's preparation of a report on damages. (Dkt. 115.) Request for Production 44, requesting Plaintiffs' state and federal income tax returns and accompanying forms from 2010 to the present, is relevant to Plaintiffs' claim that Defendants' actions have resulted in a loss of sales in their modeling careers and have caused confusion to prospective clients. (Dkt. 38.) Further, contrary to Plaintiffs' contention, 2010 is not an arbitrary or unduly burdensome date because it provides a comparison point of a year before Defendants' alleged behavior began. However, the request is overly broad because what is relevant is Plaintiffs' income from modeling jobs. Income from other, unrelated sources is irrelevant, and therefore tax forms showing these unrelated sources and tax returns showing income totals are irrelevant.

Accordingly, Plaintiffs' production of their W-2 and 1099 tax forms suffices, and the Motion to Compel is denied as to Request for Production 44, except that Plaintiffs are directed to produce any unproduced tax forms evidencing income from modeling jobs, if any exist, **by January 16, 2018**. The Motion for Extension is granted to the extent that Defendants' expert report is due **by January 23, 2018**. No other case deadlines are extended.

Accordingly, it is **ORDERED**:

1. Defendants' Motion to Compel Better Responses to Interrogatories and Requests for Production (Dkt. 103) is **GRANTED** as to Interrogatories 5, 12, 13, 14, and 16; and **DENIED** as to Interrogatories 3 and 6, and Requests for Production 3 through 12, 16, 21, 23 through 31, 34 through 36, 38, 44, 45, and 54. Plaintiffs' supplemented answers to the Interrogatories are due by January 16, 2018.

2. Defendants' Amended Motion to Extend Expert Report Deadline (Dkt. 115) is **GRANTED** in part and **DENIED** in part. Defendants' expert report deadline is January 23, 2018. Defendants' Motion to Extend Expert Report Deadline (Dkt. 113), is **DENIED** as moot in light of the ruling on the amended motion (Dkt. 115).

**DONE** and **ORDERED** in Tampa, Florida, on January 9, 2018.

_____
JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record