UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

AMBER LANCASTER, BRITTANY
CRIPLIVER, BROOKE TAYLOR
JOHNSON, CIELO JEAN GIBSON, CORA
SKINNER, GEMMA LEE FARRELL,
HEATHER RAE YOUNG, IRINA
VORONINA, JESSE GOLDEN, JESSA
HINTON, JOANNA KRUPA, KATARINA
VAN DERHAM, MAYSA QUY, PAOLA
CANAS, SANDRA VALENCIA, SARA
UNDERWOOD, TIFFANY SELBY,
TIFFANY TOTH, VIDA GUERRA and
KIM COZZENS,
Plaintiffs,

v.                                                      Case No: 8:17-cv-634-T-33JSS

ANDREW HARROW, SUSAN HARROW,
EYES WIDE SHUT, LLC, BYOB CLUB,
INC., and THE BOTTLE CLUB, LLC,
Defendants.
_____/

**PLAINTIFFS' PETITION FOR EX PARTE TEMPORARY RESTRAINING ORDER
WITH ASSET FREEZE AND MOTION TO DISQUALIFY M. SEAN MOYLES AND
DEFENDANTS' BANKRUPTCY ATTORNEY AS COUNSEL FOR ALL DEFENDANTS**

COME NOW, ALL PLAINTIFFS, and file this Petition for Ex Parte Temporary Restraining Order with Asset Freeze and Motion to Disqualify M. Sean Moyles and Defendants' Bankruptcy Attorney as Counsel for all Defendants. Plaintiffs seek to disqualify attorneys M. Sean Moyles and Defendants' bankruptcy attorney from representation of all Defendants in the above-captioned matter because, due to recent events described below and supported via the Declaration and Exhibit attached to this Motion, Mr. Moyles appears as co-counsel for Defendants in this case and has also been identified as a trial witness by Plaintiffs and may have knowledge of criminal or

1

fraudulent activity by Defendants. Plaintiffs also move for a Temporary Restraining Order freezing certain assets of Defendants.

# I.
# BACKGROUND

This is a case stemming from the Defendants' theft and use of Plaintiffs' images and likenesses in order to advertise their sexually-oriented businesses. Over the course of this case, Plaintiffs have engaged M. Sean Moyles and Joshua Harrow, attorneys for Defendants, in discussions about the potential resolution of this case. As no agreement has been reached, Defendants have noticed the depositions of all twenty (20) Plaintiffs within a span of one and a half weeks. These depositions are currently underway and began on January 9, 2018, via video conference, at a significant cost to all parties. Moreover, this case is set to be mediated, again at significant cost to all parties, on January 19, 2018.

On January 4, 2018, Defendant Andrew Harrow, owner of Defendants' sexually-oriented businesses gave a deposition in this matter. At the end of his deposition, Defendant Andrew Harrow informed counsel for Plaintiffs in the presence of his attorney, M. Sean Moyles, and the court reporter, Yvonne Corrigan, that he has retained a bankruptcy attorney for the purpose of bankrupting all the Defendants and making sure that the Plaintiffs "do not receive any money out of this lawsuit." *See Exhibit A, Declaration of Ludmila Khomiak.* Defendant Andrew Harrow prefaced his statement to Ms. Khomiak with, "[t]his is not a threat, but…". *Id.* He further informed Plaintiffs' counsel that he has already moved all assets out of the Defendants' bank accounts and hidden them. *Id.* Apparently, Defendant Andrew Harrow believes that Plaintiffs will not be able to "go after" him, his wife, or the remainder of the Defendants' assets despite the fact that he appears to be admitting to a fraudulent transfer.

Further, Defendant Andrew Harrow advised Plaintiffs' counsel that the mediation scheduled for January 19, 2018, in the matter at hand, will be attended by his bankruptcy attorney who will make sure that the Plaintiffs "do not get anything." *Id.*

Plaintiffs now move to disqualify attorney M. Sean Moyles and the bankruptcy attorney retained by Defendant Andrew Harrow as serving as counsel for Defendants, as they are witnesses in this matter and may also have direct knowledge of the fraudulent transfer of assets, the location of those assets, and the effort to conceal the assets of Defendants. Plaintiffs also seek a freeze of Defendants' assets for any and all corporations, affiliated companies owned by Defendants and/or their agents/partners until it can be determined what assets were transferred and to where they were transferred.

## II.
## ARGUMENT & AUTHORTIES

**A.    Motion to Disqualify Defendants' Attorneys**

Although a party is presumptively entitled to the counsel of its choice, that right may be overridden if "compelling reasons" exist. *In re BellSouth Corp.*, 334 F.3d 941, 961 (11th Cir. 2003). The party moving to disqualify counsel bears the burden of proving the grounds for disqualification. *Id.* A violation of the rules of professional conduct governing attorneys can be sufficient to warrant disqualification. *See McGriff v. Christie*, 477 F. App'x 673, 677 (11th Cir. 2012) (affirming the district court's disqualification of an attorney based on a violation of the Georgia Rules of Professional Conduct).

The Rules Regulating the Florida Bar, which govern the professional conduct of attorneys practicing before the United States District Court for the Middle District of Florida, provide that "[a] lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness on behalf of the client" except in certain limited circumstances. R. Regulating Fla. Bar 4-3.7(a);

see M.D. Fla. Local R. 2.04(d) (providing that the professional conduct of all members of the Middle District of Florida shall be governed by the rules adopted by the Supreme Court of Florida to govern the professional behavior of the members of The Florida Bar.) Thus, Rule 4-3.7(a) "prohibits a lawyer from acting as an advocate and witness in the same trial." *See Scott v. State*, 717 So. 2d 908, 910 (Fla. 1998) (stating that Rule 4-3.7 is intended "to prevent the evils that arise when a lawyer dons the hats of both an advocate and witness for his or her own client," such as prejudicing the opposing side or creating a conflict of interest).

Moreover, the Florida rules provide that a lawyer may not continue assisting a client in conduct that the lawyer originally supposed was legally proper but then discovers is criminal or fraudulent. The lawyer must withdraw from the representation of the client in the matter. *See* Rule 4-1.16(a). If the lawyer's services will be used by the client in materially furthering a course of criminal or fraudulent conduct, the lawyer must withdraw, as stated in Rule 4-1.16(a)(1). *Id.* Withdrawal is also mandatory if the client persists in a course of action that the lawyer reasonably believes is criminal or fraudulent, unless the client agrees to disclose and rectify the crime or fraud. *Id.*

In this matter, it is clear from Defendant Andrew Harrow's admissions that he has engaged and continues to engage in the unlawful transfer of assets from his entities in order to conceal them from the Plaintiffs in an effort to avoid paying a judgment. As such, attorney M. Sean Moyles and the bankruptcy attorney slated to appear at mediation with no intent on negotiating in good faith should be disqualified as counsel for Defendants.

**B.     Motion for Temporary Restraining Order & Asset Freeze**

    **1.     Applicable Law and Standards**

In general, there are four elements that must be met for a court to grant a preliminary injunction or a temporary restraining order. They are: 1) that there is a likelihood of irreparable harm with no adequate remedy at law; 2) that the balance of harm favors the movant; 3) that there is a likelihood of success on the merits of the case; and 4) that the public interest favors the granting of the injunction.

The heart of Florida's Uniform Fraudulent Transfer Act (UFTA) is found in § 726.105. This section provides that a transfer of assets made by a debtor, whether the creditor's claim arose before or after the transfer, is fraudulent if the transfer is made with an actual intent to hinder, delay or defraud creditors.

Fla. Stat. § 726.105 specifies the factors, among others, to be consider in determining the actual intent of a debtor to hinder, delay or defraud a creditor by means of a fraudulent transfer. Among the factors to be considered are whether:

(1) the transfer was to an insider;

(2) *the debtor retained possession or control of the property transferred after the transfer*;

(3) *the transfer or obligation was disclosed or concealed*;

(4) *before the transfer was made or obligation incurred, the debtor had been sued or threatened with suit*;

(5) *the transfer was of substantially all the debtor's assets*;

(6) the debtor absconded;

(7) *the debtor removed or concealed assets*;

(8) the value of the consideration received by the debtor was reasonably equivalent to the value of the assets transferred;

(9) the debtor was insolvent or became insolvent shortly after the transfer was made or the obligation was incurred;

(10) ***the transfer occurred shortly before or shortly after a substantial debt was incurred***; and

(11) the debtor transferred the essential assets of the business to a lien or who transferred the assets to an insider of the debtor.

Some of the more common indicia of fraud which are set forth in Fla. Stat. § 726.105 in finding the requisite intent of a debtor to transfer property to delay, hinder or defraud his/her creditors include:

(1) Relationship between the debtor and transferee;

(2) Financial condition of the debtor at the time of the transfer;

(3) ***<u>Threatened or anticipated litigation</u>***;

(4) Retention of control over the property; or

(5) Insufficient consideration paid for the transfer.

*In re Total Acquisition Corp.*, Bkrtcy., 29 B.R. 836 (1983) (emphasis added).

Pursuant to Rules 64 and 65 of the Federal Rules of Civil Procedure; the Lanham Act, 15 U.S.C. §§ 1116(a) and 1117; and its inherent equitable power to issue provisional remedies ancillary to its authority to provide final equitable relief, district courts have authority to freeze assets to preserve non-equitable money damages. *See Levi Strauss & Co. v. Sunrise Intern. Trading, Inc.*, 51 F.3d 982 (11th Cir. 1995). The First, Second, Third, Fourth, Seventh, Eighth, Tenth, and District of Columbia Circuits have reached similar conclusions. *In re Estate of Ferdinand Marcos Human Rights Litigation,* 25 F.3d 1467 (9th Cir.1994) 513 U.S. 1126, 115 S.Ct. 934, 130 L.Ed.2d 879 (1995).

A request for equitable relief invokes the district court's inherent equitable powers to order preliminary relief, <u>including an asset freeze</u>, in order to assure the availability of permanent relief. *See Federal Trade Commission v. United States Oil and Gas Corp.*, 748 F.2d 1431, 1433–34 (11th Cir.1984). The Ninth Circuit recently reached the same result in a Lanham Act counterfeiting case. The district court has the authority to freeze assets pursuant to its "inherent equitable power to issue provisional remedies ancillary to its authority to provide final equitable relief." *Reebok Int'l, Ltd. v. Marnatech Enters., Inc.*, 970 F.2d 552, 559 (9th Cir. 1992). "Because the Lanham Act authorizes the district court to grant [plaintiff] an accounting of [defendant]'s profits as a form of final equitable relief, the district court [has] the inherent power to freeze [defendant]'s assets in order to ensure the availability of the final relief." *Id.* A "party seeking an asset freeze must show a likelihood of dissipation of the claimed assets, or other inability to recover monetary damages, if relief is not granted." *Johnson v. Couturier*, 572 F.3d 1067, 1085 (9th Cir. 2009). As such, the district court has the authority to freeze those assets which could have been used to satisfy an equitable award of profits. *See Levi Strauss & Co.*, 51 F.3d 982, 1995.

### 2. Application for Temporary Restraining Order & Asset Freeze

Pursuant to Fed. R. Civ. P. 65(b) and Local Rule 4.05(b)(2), Plaintiffs move this Honorable Court to issue an immediate Temporary Order restraining Defendants, ANDREW HARROW, SUSAN HARROW, EYES WIDE SHUT, LLC, BYOB CLUB, INC., and THE BOTTLE CLUB, LLC, their agents, servants, employees and attorneys from the following acts for the following reasons:

a) Any further transfer of any assets, cash or otherwise, from any Defendant to any other entity or person until a full accounting of all assets transferred from the inception of this lawsuit to the present day is provided to Plaintiffs.

b) Any sale of any assets of any Defendant to any other entity or person until a full accounting of all assets transferred from the inception of this lawsuit to the present day is provided to Plaintiffs.

c) Moreover, Plaintiff asks this Court to issue a freeze on all assets and accounts held by all Defendants until a full accounting of all assets transferred from the inception of this lawsuit to the present day is provided to Plaintiffs.

The public interest in this case strongly favors the preservation of Plaintiffs' rights to recover from Defendants. The interests of the public to ensure that a debtor or potential debtor should not be able to hide its assets, transfer those assets to non-parties, or liquidate assets in order to avoid payment of a judgment is well-established. By threatening to bankrupt all of the Defendants and unequivocally admitting that he has transferred and "hidden" the assets of the companies Defendant Andrew Harrow demonstrates a "strong likelihood of dissipation" of assets. *See Johnson*, 572 F3d at 1085. This is in clear violation of the public interest. Allowing this to occur unchecked would allow any party to simply move money and assets in order to avoid paying a judgment.

It follows that if the Defendants are simply allowed to play a shell game by moving, transferring, and hiding assets that could satisfy a potential judgment, Plaintiffs will suffer irreparable harm for which there is no adequate remedy at law. Defendants are professional litigants with a history of questionable conduct. Defendant Andrew Harrow's representations after his deposition shows a clear intent to attempt to ensure the Plaintiffs never collect any damages from him or his sexually-oriented businesses in spite of the businesses having the assets to do so. Without being restrained, this is exactly what he will do.

There is a high likelihood that Plaintiffs will prevail on their claims against Defendants. Admittedly, Defendants used Plaintiffs' images to promote their sexually-oriented businesses without seeking the permission of or paying compensation for the use of those images. Liability is crystal clear. The question is not responsibility; rather, the only issue to be decided is the value of those images. Plaintiffs have hired an expert, Stephen Chamberlin, who has expressed the opinion that Plaintiffs' Damages are in the millions of dollars. *See Exhibit B, Expert Report of Stephen Chamberlin.*

WHEREFORE, in light of the above, Plaintiffs have met their burden for the disqualification of attorney M. Sean Moyles as trial counsel in this matter, in addition, given Defendant Andrew Harrow's admission that he has already fraudulently transferred assets, Plaintiffs request a Temporary Restraining Order enjoining Defendant Andrew Harrow and the remainder of the Defendants from engaging in any further fraudulent transfers and actions as enumerated in the proposed Temporary Restraining Order attached hereto. Lastly, Plaintiffs respectfully request an asset freeze of Defendants' (including but not limited to all of their corporations, subsidiaries and affiliates) bank accounts and/or other assets in accordance with the Temporary Restraining Order attached hereto.

## **RULE 3.01(g) CERTIFICATE**

Pursuant to Local Rule 3.01(g), the undersigned counsel certifies that he has conferred with Defendants' counsel regarding the relief sought herein, however, the parties could not come to an agreement on the scope of same.

Dated: January 10, 2018.

    Respectfully submitted,

    THE CASAS LAW FIRM, P.C
    By: */s/ Dennis Postiglione*
    Dennis Postiglione, Esq.

*Pro Hac Vice Admission*
dennis@casaslawfirm.com
Ludmila Khomiak, Esq.
Florida Bar No.: 91757
mila@casaslawfirm.com
Brickell Bayview Center
80 S. W. 8th Street, Suite 2000
Miami, FL 33130
*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 10, 2018, I electronically filed the foregoing with the Clerk of the Court by using CM/ECF system which will send a notice of electronic filing to the following:

M. Sean Moyles, Esq.
Langston, Hess, Augustine, Sojourner & Moyles, PA
600 Druid Rd E
Clearwater, FL 33756
Email: smoyles@LangstonHess.com
*Attorney for Defendants BYOB Club, Inc., Andrew Harrow, and Susan Harrow*

Joshua A. Harrow, Esq.
Harrow Law, P.A.
105 US Highway 301 S., Suite 110
Tampa, FL 33619
Email: jaharrow@gmail.com
*Attorney for Defendants Andrew Harrow, Susan Harrow, The Bottle Club, LLC and Eyes Wide Shut, LLC d/b/a Eyz Wide Shut*

THE CASAS LAW FIRM, P.C.

By: */s/ Ludmila Khomiak*
Ludmila Khomiak, Esq.
Florida Bar No.: 91757
mila@casaslawfirm.com