UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

AMBER LANCASTER,
et al.,

    Plaintiffs,

v.                          Case No.: 8:17-cv-634-T-33JSS

THE BOTTLE CLUB, LLC, EYES WIDE
SHUT, LLC, BYOB CLUB, INC.,
ANDREW HARROW and SUSAN HARROW,

    Defendants.
_____/

**ORDER**

This cause comes before the Court in consideration of Plaintiffs' Petition for Ex Parte Temporary Restraining Order with Asset Freeze and Motion to Disqualify M. Sean Moyles and Defendants' Bankruptcy Attorney as Counsel for All Defendants (Doc. # 118), filed on January 10, 2018. For the reasons that follow, the Court denies the Petition and Motion to the extent it seeks a temporary restraining order. But, to the extent the Court construes the Petition and Motion as a motion for preliminary injunction and a motion to disqualify, the Court refers the Petition and Motion to the Honorable Julie S. Sneed, United States Magistrate Judge.

**Discussion**

A Court may issue a temporary restraining order if the movant establishes: "(1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) that entry of the relief would serve the public interest." Schiavo ex rel. Schindler v. Schiavo, 403 F.3d 1223, 1225-26 (11th Cir. 2005). "The movant bears the burden of establishing entitlement to a temporary restraining order." Edwards v. Cofield, No. 3:17-CV-321-WKW, 2017 WL 2255775, at *1 (M.D. Ala. May 18, 2017)(citing Parker v. State Bd. of Pardons & Paroles, 275 F.3d 1032, 1034–35 (11th Cir. 2001)).

Here, Plaintiffs seek on an emergency basis an ex parte temporary restraining order against Defendants to freeze all of Defendants' assets. (Doc. # 118 at 7). According to Plaintiffs, Defendant Andrew Harrow expressed an intent to file for bankruptcy to avoid paying a potential judgment and acknowledged that he had withdrawn much of Defendants' assets from their accounts. (Id. at 2). Within the same filing, Plaintiffs also plead a non-emergency motion to disqualify one of Defendants' attorneys in this action, M. Sean Moyles,

2

and an unnamed bankruptcy attorney Defendants have allegedly retained. The combined Petition and Motion indicates that Plaintiffs conferred with Defendants pursuant to Local Rule 3.01(g) and that the parties could not come to an agreement as to the scope of the requested relief. (Id. at 9).

In their request for a temporary restraining order, Plaintiffs argue they are likely to succeed on the merits and that the public interest weighs in favor of preventing fraudulent transfers of assets. (Id. at 8-10). Additionally, Plaintiffs argue they will suffer irreparable injury if Defendants' assets are dissipated through fraudulent transfers. (Id. at 8).

But Plaintiffs do not address whether the balance of harm weighs in their favor. Plaintiffs request the Court, without hearing from Defendants, "issue a freeze on all assets and accounts held by all Defendants until a full accounting of all assets transferred from the inception of this lawsuit to the present day is provided to Plaintiffs." (Id.). Defendants, two individuals and the various entities through which they do business, would certainly be harmed by having all of their assets frozen while an accounting is performed. At this juncture, Plaintiffs have not established that the harm to Defendants is outweighed by the harm to Plaintiffs.

3

Additionally, the drastic nature of the ex parte remedy requested and Plaintiffs' further request that Defendants' counsel be disqualified weigh against issuance of a temporary restraining order. Accordingly, the Court denies the Petition and Motion to the extent it requests entry of a temporary restraining order. But, to the extent the Court construes the Petition and Motion as requesting a preliminary injunction as well as disqualification of Defendants' counsel, the Motion is referred to the Honorable Julie S. Sneed, United States Magistrate Judge, pursuant to 28 U.S.C. § 636(b)(1)(B) for an evidentiary hearing and the issuance of a Report and Recommendation.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Plaintiffs' Petition for Ex Parte Temporary Restraining Order with Asset Freeze and Motion to Disqualify M. Sean Moyles and Defendants' Bankruptcy Attorney as Counsel for All Defendants (Doc. # 118) is **DENIED** to the extent it requests a temporary restraining order.

(2) To the extent the Court construes the Petition and Motion as requesting a preliminary injunction and disqualification of counsel for Defendants, it is **REFERRED** to the Honorable Julie S. Sneed, United States

Magistrate Judge, pursuant to 28 U.S.C. § 636(b)(1)(B) for the issuance of a Report and Recommendation.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 11th day of January, 2018.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE