UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

AMBER LANCASTER, BRITTANY
CRIPLIVER, BROOKE TAYLOR
JOHNSON, CIELO JEAN GIBSON, CORA
SKINNER, GEMMA LEE FARRELL,
HEATHER RAE YOUNG, IRINA
VORONINA, JESSE GOLDEN, JESSA
HINTON, JOANNA KRUPA, KATARINA
VAN DERHAM, MAYSA QUY, PAOLA
CANAS, SANDRA VALENCIA, SARA
UNDERWOOD, TIFFANY SELBY,
TIFFANY TOTH, VIDA GUERRA and
KIM COZZENS,

      Plaintiffs,

v.                                     Case No: 8:17-cv-634-T-33JSS

ANDREW HARROW, SUSAN HARROW,
EYES WIDE SHUT, LLC, BYOB CLUB,
INC. and THE BOTTLE CLUB, LLC,

      Defendants.

_____/

## **DEFENDANTS' MOTION FOR ORDER TO SHOW CAUSE**

      Defendants, by and through their undersigned counsel, hereby move this Court for an Order to Show Cause, based upon Plaintiffs' complete failure to comply with this Court's Order granting in part Defendants' Motion to Compel Better Responses to Interrogatories and Requests for Production. The grounds upon which this motion is based are set forth in the attached memorandum of law.

1

## LOCAL RULE 3.01(g) CERTIFICATION

Pursuant to Local Rule 3.01(g), the undersigned certifies that Defendants' counsel have conferred with Plaintiffs' counsel regarding the relief requested in this motion, but have been unable to reach an agreement regarding such relief.

## MEMORANDUM OF LAW

### A.  Procedural Background

In this case, Plaintiffs, who are models, allege that Defendants have misappropriated Plaintiffs' images and used the images for various marketing purposes, without Plaintiffs' consent, in violation of the Lanham Act and state laws.

On October 30, 2017, Defendants served their First Set of Interrogatories ("Interrogatories") and First Request for Production of Documents ("Request for Production") on each Plaintiff.  On November 29, 2017, each Plaintiff served responses to Defendants' Interrogatories and Request for Production.  As to Plaintiffs' responses to Defendants' Interrogatories: (1) the vast majority of answers were form responses and/or objections, with minimal, if any, individualized information, suggesting that the Plaintiffs had no material involvement in preparing the responses; and (2) none of the responses were signed and notarized by the responding Plaintiff.

On December 28, 2017, a month after Plaintiffs' Interrogatory responses were due, Plaintiffs' counsel produced signed and notarized Interrogatory responses for nineteen of the twenty Plaintiffs.  However, to date, Plaintiff Brittany Cripliver has failed to produce a signed and notarized Interrogatory response.  Plaintiffs' counsel has advised the undersigned that they have been unable to contact Plaintiff Cripliver.

Also on December 28, 2017, Defendants filed a Motion to Compel Better Responses to Interrogatories and Requests for Production ("Motion to Compel") (Dkt. 103).  On January 9, 2018, this Court issued its Order on Defendants' Motion to Compel (the "Order") (Dkt. 116). The Order granted Defendants' Motion to Compel with respect to Defendants' Interrogatories 5, 12, 13, 14 and 16, directed Plaintiffs to serve their supplemental answers to the Interrogatories by January 16, 2018, and reminded Plaintiffs that all answers to Interrogatories must be signed under oath by Plaintiffs.  As to Defendants' Request for Production, the Order, addressing Defendants' request for Plaintiffs' tax returns and forms, held that Plaintiffs' "production of their W-2 and 1099 tax forms" would suffice.  As such, the Order directed Plaintiffs to "produce any unproduced tax forms evidencing income from modeling jobs, if any exist, **by January 16, 2018**" (emphasis in original).

As to the number of tax forms from modeling jobs that each Plaintiff would have, in their current answers to Defendants' Interrogatory 5 (prior to supplementation as required by the Order), each Plaintiff provided *the exact same answer*, which included the following:

> I am a full time model and work as an independent contractor. I have literally done hundreds of jobs for hundreds of clients over the past few years and do not maintain all the requested information.

While each Plaintiff claimed to have performed "literally . . . hundreds of jobs," they have only produced a fraction, if any, of the tax documents required by the Order.  Specifically, when Plaintiffs produced their documents responsive to Defendants' Request for Production on January 5, 2018, each Plaintiff produced tax documents (i.e., W-2s and 1099s) from modeling jobs as follows:

| **Plaintiff** | **Number of Tax Documents (i.e., W-2s and 1099s) Produced** |
|---|---|
| Paola Canas | None |
| Kim Cozzens | 9 |
| Brittany Cripliver | None |
| Gemma Lee Farrell | 4 (all for 2014) |
| Cielo Jean Gibson | 1 (for 2015) |
| Jesse Golden | None |
| Vida Guerra | None |
| Jessa Hinton | 23 (of the 23 tax documents, 4 are illegible) |
| Brooke Taylor Johnson | 3 |
| Joanna Krupa | None |
| Amber Lancaster | 8 |
| Maysa Quy | None |
| Tiffany Selby | None |
| Cora Skinner | 9 |
| Tiffany Toth | 17 |
| Sara Underwood | 5 |
| Sandra Valencia | None |

| Katarina Van Derham | 20 |
| Irina Voronina | 17 |
| Heather Rae Young | 16 (all for 2010) |

In summary, one Plaintiff produced 23 tax forms, one Plaintiff produced 20 tax forms, two Plaintiffs produced 17 tax forms, one Plaintiff produced 16 tax forms, seven Plaintiffs produced between one and ten tax forms, and the remaining eight Plaintiffs produced *no tax forms at all*. As each Plaintiff admitted to working "literally . . . hundreds of jobs," it was clear that the vast majority of each Plaintiff's tax forms remained outstanding as of January 5, 2018, the date Plaintiffs produced their documents to Defendants. As such, Plaintiffs were required, under the Order, to produce all of the unproduced tax forms by January 16, 2018.

As of the date of this Motion, of the twenty Plaintiffs involved in this lawsuit, *not a single one* has served a supplemental answer to Defendant's Interrogatories, or produced a single additional tax document, as required by the Order. Notably, the Order's January 16, 2018 deadline passed without any effort by Plaintiffs to ask Defendants to agree to, or this Court to permit, an extension of time to comply with the Order.

**B. <u>Argument</u>**

1. <u>Applicable Rules</u>

Rule 37(b)(2)(A) addresses a party's failure to obey a discovery order. The Rule provides that, if a party fails to obey an order to provide or permit discovery, the Court may issue further just orders, which may include the following:

(1) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;

(2) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;

(3) striking pleadings in whole or in part;

(4) staying further proceedings until the order is obeyed;

(5) dismissing the action or proceeding in whole or in part;

(6) rendering a default judgment against the disobedient party; or

(7) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

2.   <u>Plaintiffs' Specific Violations of the Order</u>

Plaintiffs have entirely ignored the Order by failing to provide supplemental answers to Defendants' Interrogatories, and by failing to provide unproduced tax documents.

As to the supplemental answers to Defendants' Interrogatories, throughout the course of conciliating this Motion, Plaintiffs' counsel has not provided any basis for Plaintiffs' failure to comply with the Order.

As to the unproduced tax documents required by the Order, in the course of conciliating this Motion, Defendants' counsel advised Plaintiffs' counsel that Plaintiffs had failed to produce the vast majority of their tax documents, based upon each Plaintiff's representation that she had worked "literally . . . hundreds of jobs."  Plaintiffs' counsel responded that Plaintiffs had already produced all of the 1099s and W-2s "that are in Plaintiffs' possession."

Plaintiffs' position – that they have produced all of the tax documents in their possession – ignores the scope of Rule 34, which requires parties responding to a request for production to produce all items in the responding party's "possession, *custody, or control*" (emphasis supplied). Rule 34(a)(1). As such, it is not sufficient for a party to make a cursory review of any responsive documents in her possession; rather, she must also retrieve all responsive documents that are within her control. For the documents at issue, Plaintiffs' tax documents, this could be accomplished by requesting the documents from either the IRS or the accountant / tax professional who prepared her tax returns for the years at issue. *See, e.g., Reeves v. Pennsylvania R. Co.*, 80 F. Supp. 107 (D. Del. 1948) (holding that plaintiff's tax returns filed with the IRS remained within plaintiff's "custody or control" under Rule 34, and as a result, plaintiff was required to request copies of the returns from the IRS and produce them to defendants).[1] Plaintiffs have had plenty of time to request these records, as Defendants' Requests for Production were served on October 30, 2017, and the Order requiring the production of unproduced tax records was entered on January 9, 2018.

In fact, in the course of conciliating this Motion, Plaintiffs' counsel stated "the IRS only requires that individuals keep their tax records for 3 years for audit purposes, see 26 U.S.C. [sec.] 6501."[2] As Plaintiffs filed their Complaint on March 16, 2017, and would be prohibited from

---

[1]    The IRS offers numerous options for taxpayers to request copies of returns. See IRS publication 583, pg. 24, "Getting a transcript or copy of a return."
Link: https://www.irs.gov/pub/irs-pdf/p583.pdf

[2]    The IRS recordkeeping requirements actually provide that taxpayers must keep records for "as long as they may become material in the administration of any provision of the Internal Revenue Code, which generally will be until the period of limitations expires for that return." See IRS Tax Topics, Topic No. 305: Recordkeeping. This period of limitations ranges from three years, to six years, to unlimited, depending upon whether the taxpayer properly reported income, filed a fraudulent return or failed to file a return at all. *Id.*
Link: https://www.irs.gov/taxtopics/tc305

disposing of any relevant records (such as tax documents) since that date, this three year period would cover at least years 2014 forward.  However, many of the Plaintiffs failed to provide all of the requested tax records for even this period.  Moreover, presumably Plaintiffs' tax preparers – and certainly the IRS – would have the requested tax records for the entire period at issue, 2010 to present.[3]

### C. <u>Conclusion</u>

As explained above, Plaintiffs have wholly ignored the Order, without any legitimate basis for doing so, and without seeking any extension of time to comply or other relief from the Court.  As a result, Defendants respectfully request that Plaintiffs be ordered to show cause why they should not be held in contempt of Court for not complying with the Order.

Further, in light of Plaintiffs' current non-compliance with the Order, if Plaintiffs are allowed additional time to provide supplemental responses to Defendants' Interrogatories and their unproduced tax records, Defendants respectfully request that Plaintiffs also be required to produce, for the calendar years 2010 to present, their complete state and federal personal tax returns, as well as the state and federal tax returns for any business entities (e.g., corporations, LLC or partnerships) which received modeling income on their behalf,[4] so that Defendants may confirm that all W-2s and 1099s have been produced.

---

[3]      The Order acknowledged that the timeframe at issue, 2010 to present, was appropriate, explaining "[f]urther, contrary to Plaintiffs' contention, 2010 is not an arbitrary or unduly burdensome date because it provides a comparison point of a year before Defendants' alleged behavior began."

[4]      Based upon the tax forms produced by Plaintiffs, at least four Plaintiffs have received some modeling income through a business entity.

Respectfully submitted,

/s/ M. Sean Moyles
M. Sean Moyles
Florida Bar No. 0080756
LANGSTON, HESS & MOYLES, P.A.
600 Druid Rd. E.
Clearwater, Florida  33756
Telephone: (727) 479-1900
Facsimile: (727) 479-1901
E-mail: SMoyles@LangstonHess.com
Counsel for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that on January 25, 2018 I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

/s/ M. Sean Moyles
Attorney