UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

AMBER LANCASTER, BRITTANY
CRIPLIVER, BROOKE TAYLOR
JOHNSON, CIELO JEAN GIBSON, CORA
SKINNER, GEMMA LEE FARRELL,
HEATHER RAE YOUNG, IRINA
VORONINA, JESSE GOLDEN, JESSA
HINTON, JOANNA KRUPA, KATARINA
VAN DERHAM, MAYSA QUY, PAOLA
CANAS, SANDRA VALENCIA, SARA
UNDERWOOD, TIFFANY SELBY,
TIFFANY TOTH, VIDA GUERRA, and
KIM COZZENS,

    Plaintiffs,

v.     Case No: 8:17-cv-634-T-33JSS

ANDREW HARROW, SUSAN HARROW,
EYES WIDE SHUT, LLC, BYOB CLUB,
INC., and THE BOTTLE CLUB, LLC,

    Defendants.
_____/

## ORDER

THIS MATTER is before the Court on Defendants' Motion for Sanctions Pursuant to Federal Rule of Procedure 11 Regarding Plaintiffs' Petition for Ex Parte Temporary Restraining Order With Asset Freeze and Motion to Disqualify M. Sean Moyles and Defendants' Bankruptcy Attorney As Counsel for All Defendants ("Motion") (Dkt. 143), and Plaintiffs' response in opposition to the Motion (Dkt. 153). The presiding district judge referred the Motion to the undersigned for disposition. (Dkt. 144.) For the reasons set forth below, the Motion is denied.

## BACKGROUND

In a prior motion, Plaintiffs moved to disqualify Defendants' counsel based on their knowledge of Defendant Andrew Harrow's alleged statements that he had transferred Defendants'

assets to evade judgment in this case. (Dkt. 118.) Plaintiffs argued that Defendants' attorneys must be disqualified because Plaintiffs would be calling them as witnesses and because the attorneys may have direct knowledge of Defendants' fraudulent asset transfers. (*Id.*) After holding an evidentiary hearing, in a report and recommendation, the undersigned recommended that Plaintiffs did not meet their burden of proving disqualification was warranted under Rules 4-3.7 and 4-1.16 of the Florida Rules of Professionalism. (Dkt. 154.) Specifically, the undersigned concluded that Plaintiffs presented no evidence that Defendants intend to call their counsel as witnesses at trial or that the attorneys' testimony would be sufficiently adverse to Defendants' version of events to require their disqualification under Rule 4-3.7, or that Defendants engaged in a course of action that was criminal or fraudulent involving the services of their counsel to warrant disqualification under Rule 4-1.16. (*Id.*) The presiding district judge entered an order adopting the undersigned's report and recommendation and denying Plaintiffs' motion to disqualify Defendants' counsel. (Dkt. 168.)

In the Motion, Defendants seek an order sanctioning Plaintiffs and their counsel pursuant to Federal Rule of Civil Procedure 11 because Plaintiffs' motion to disqualify Defendants' counsel lacked evidentiary and legal support. (Dkt. 143 at 4–5.) As sanctions, Defendants seek an award of their attorneys' fees and costs incurred in defending Plaintiffs' motion to disqualify counsel and in bringing the Motion. (*Id.* at 5.) In response, Plaintiffs argue that the Motion should be denied (1) on procedural grounds because service of the Motion was defective and (2) on its merits because Plaintiffs' request for disqualification was warranted. (Dkt. 153.) Therefore, Plaintiffs request that Defendants be sanctioned under Rule 11 for filing the Motion. (*Id.* at 8–10.)

**APPLICABLE STANDARDS**

By filing a document with the court, an attorney certifies, "to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances," the following: (1) that the filing "is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation"; (2) that "the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law"; (3) "the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery"; and (4) "the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information." Fed. R. Civ. P. 11(b). Any attorney, law firm, or party who violates Rule 11(b) may be sanctioned. *Id.* at 11(c)(1) ("Absent exceptional circumstances, a law firm must be held jointly responsible for a violation committed by its partner, associate, or employee.").

**ANALYSIS**

I.  **Service**

Before they are filed with a court, Rule 11 motions for sanctions must be served under Rule 5 of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 11(c)(2). Specifically, before filing a Rule 11 motion, the movant must serve it on the opposing party and shall not file the motion if the challenged paper or contention "is withdrawn or appropriately corrected within 21 days after service." *Id.* For represented parties, like Plaintiffs, service must be made on their attorney. *Id.* at 5(b)(1). A Rule 11 motion may be served "by electronic means if the person consented in writing." *Id.* at 5(a)(1)(D), (b)(2)(E). By registering to use the Court's electronic filing system

("CM/ECF"), an attorney "consents to electronic service of all documents in accordance with the Federal Rules of Procedure, and waives the right to personal service or service by mail." M.D. Fla. Admin. Proc. Elec. Filing § II.B.2 (2015). This consent does not apply, however, "to electronic service of a document that is *not filed with the Court* (e.g., Rule 26 disclosure or a discovery request)," unless the registrant "consent[s] to electronic service of such documents separately, in writing." *Id.* (emphasis added); *BCJJ, LLC v. LeFevre*, No. 8:09-CV-551-T-17EAJ, 2012 WL 3262866, at *2 (M.D. Fla. Aug. 8, 2012) (emphasis in original) ("[Respondent's] use of CM/ECF does provide limited consent to electronic service of certain papers, but in the Middle District of Florida, that consent *specifically excepts* those papers 'not filed with the Court' from its scope.").

Thus, Defendants' service of the Motion on Plaintiffs' counsel could not be accomplished electronically unless Plaintiffs consented to electronic service of such a motion "separately, in writing." M.D. Fla. Admin. Proc. Elec. Filing § II.B.2. On January 17, 2018, Defendants' attorney emailed Plaintiffs' attorney a draft of the Motion, stating that Defendants intended to file the Motion if Plaintiffs did not withdraw their motion to disqualify (Dkt. 118) within twenty-one days. (Dkt. 153-1, Ex. A.) Plaintiffs contend that this electronic service does not constitute service of the Motion because it was not served by mail, and Plaintiffs did not provide written consent to be served electronically. (Dkt. 153 ¶ 5.) "[B]ecause there is no indication that [Plaintiffs] ever consented, in writing, to electronic service of the [Motion], the emailing of that document was insufficient to comply with Rule 11's 21–day safe harbor provision." *BCJJ, LLC*, 2012 WL 3262866, at *2. Accordingly, because Defendants' service of the Motion on Plaintiffs' counsel pursuant to Rule 11(c)(2) was deficient, the Motion is denied. *Id.* at *2–3 (denying Rule 11 motion for deficient service); *Bernath v. Seavey*, No. 2:15-CV-358-FTM-99CM, 2017 WL 1743285, at *2

(M.D. Fla. May 4, 2017) (same); *Allison v. Parise*, No. 8:12-CV-1313-T-17EAJ, 2013 WL 12153595, at *2 (M.D. Fla. Aug. 27, 2013) (same).

## II. Merits

Even if Plaintiffs were properly served with the Motion, sanctions pursuant to Rule 11 are not warranted. Courts must judge an attorney's actions based on "reasonableness under the circumstances" and "what was reasonable to believe at the time" a filing was made. *Baker v. Alderman*, 158 F.3d 516, 524 (11th Cir. 1998) (internal quotations omitted). The Eleventh Circuit employs a two-step inquiry into "(1) whether the party's claims are objectively frivolous; and (2) whether the person who signed the pleadings should have been aware that they were frivolous." *Id.* Rule 11 sanctions should be imposed "when a party files a pleading that (1) has no reasonable factual basis; (2) is based on a legal theory that has no reasonable chance of success and that cannot be advanced as a reasonable argument to change existing law; and (3) is filed in bad faith for an improper purpose." *Id.*

Plaintiffs' motion to disqualify counsel did not lack reasonable factual and legal bases. First, while Ms. Khomiak's testimony ultimately did not support Defendants' counsel being disqualified, it provided a reasonable factual basis for the motion. *See Baker*, 158 F.3d at 524 (explaining that Rule 11 sanctions are not warranted when "evidence is merely weak"); *Laborers Local 938 Joint Health & Welfare Tr. Fund v. B.R. Starnes Co. of Fla.*, 827 F.2d 1454, 1458 (11th Cir. 1987) ("Courts are to avoid the wisdom of hindsight and are to test the signer's conduct by inquiring what was reasonable to believe at the time the pleading was submitted."). Second, it cannot be said that the legal theories Plaintiffs presented in the motion to disqualify had "no reasonable chance of success." *Baker*, 158 F.3d at 524. Finally, there is no indication that

Plaintiffs filed the motion for disqualification in bad faith to harass Defendants, delay this case, or increase litigation costs. *See* Fed. R. Civ. P. 11(b)(1). Therefore, sanctions are unwarranted.

Accordingly, it is **ORDERED** that Defendants' Motion for Sanctions Pursuant to Federal Rule of Procedure 11 Regarding Plaintiffs' Petition for Ex Parte Temporary Restraining Order With Asset Freeze and Motion to Disqualify M. Sean Moyles and Defendants' Bankruptcy Attorney As Counsel for All Defendants (Dkt. 143) is **DENIED**. It is further **ORDERED** that Plaintiffs' request for sanctions (Dkt. 153 at 8–10) is **DENIED**.

**DONE** and **ORDERED** in Tampa, Florida, on March 9, 2018.

_____
JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE


Copies furnished to:
Counsel of Record